IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| SHAPAT AHDAWAN NABAYA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:15cv602–HEH |
| | ) | |
| J. RANDY FORBES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION
(Motion to Remand; Motion for Production;
Motion for Notice; Motion to Dismiss)

THIS MATTER is before the Court on several motions filed by both parties: *pro se* Plaintiff Shapa Ahdawan Nabaya's ("Plaintiff") Motion to Remand (ECF No. 5), filed on October 20, 2015; Plaintiff's Demand for Defendant Jonathan Hambrick to Produce Authenticated Records of All Filings ("Motion for Production") (ECF No. 8), filed on October 23, 2015; Plaintiff's Demand for Defendant to File His Notice of Appearance and Affidavits of Defendants ("Motion for Notice") (ECF No. 14), filed on November 4, 2015; and Defendants' Motion to Dismiss (ECF No. 9), filed on October 29, 2015. For the reasons set forth below, the Court will deny each of Plaintiff's motions and grant Defendants' Motion to Dismiss.

## I.     BACKGROUND

Plaintiff originally filed his "Writ of Sovereign National Status, Right of Lost U.S. Citizenship Under 8 USC 1452(b)(1)&(2)" ("Writ," ECF No. 1-1) against Congressman J. Randy Forbes and Internal Revenue Service employees Wally Stark and Michael Beebe (collectively "Defendants") in Circuit Court for the County of Chesterfield. Plaintiff—

claiming to be a sovereign national, grantor, non U.S. citizen—brought his Writ against

Defendants related to Plaintiff's alleged renunciation of his U.S. citizenship. (Writ 1.)

Plaintiff argues that Defendant Forbes, as a congressman, has failed to provide certain

documentation in connection with Plaintiff's renunciation. (*Id.* at 1–2.) Similarly, Plaintiff

seeks to have the Internal Revenue Service and its agents produce documentation proving

that Plaintiff "is not, and never was a Federal U.S. citizen and was never in debt to" the

Internal Revenue Service or agents. (*Id.* at 3–4.) On October 9, 2015, Defendants removed

the matter from state court to this Court pursuant to 28 U.S.C. § 1442 and in accordance with

the procedures set forth in 28 U.S.C. § 1446.

## II.    ANALYSIS

### A. Motion to Remand

Plaintiff asks this Court to remand the matter to state court, arguing that Defendants

had no right to remove to this Court. (Mot. Remand 1.) In his plethora of filings,[1] Plaintiff

contends that Defendants improperly removed by removing more than thirty days after

service of summons. Defendants respond that they followed all appropriate procedures set

forth in 28 U.S.C. § 1446 in removing the action to this Court. (Opp'n Mot. Remand State

Court 1, ECF No. 12.)

A civil action may be removed from state court to federal court if suit has been

brought against the "United States or any agency thereof or any officer . . . of the United

---

[1] In addition to his Motion to Remand, Motion for Production, and Motion for Notice, Plaintiff has made multiple other filings, including filings labeled: Objection to Removal (ECF No. 2), filed on October 16, 2015; Addendum (ECF No. 4), filed on October 20, 2015; Affidavit (ECF No. 13), filed on November 3, 2015; Judicial Notice of Criminal and Misconduct Complaints Filed (ECF No 15), filed on November 9, 2015; Challenge of Jurisdiction and a Demand for a Jury Trial in Chesterfield Circuit Court (ECF No. 16), filed on November 13, 2015; and Complaint Form Attorney Misconduct (ECF No. 17), filed on November 16, 2015.

States or any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. § 1442. Federal statute clearly allows for suits brought against federal employees on the basis of their office—as is the case here—to be removed to federal court. Although Plaintiff claims Defendants removed more than thirty days after service of summons, he offers nothing past conclusory statements to support such contention. Accordingly, the Court will deny Plaintiff's Motion to Remand.

### B. Motion for Production and Motion for Notice

Plaintiff also filed a Motion for Production and a Motion for Notice. In each motion, Plaintiff's arguments again arise from the failure of any party to produce any documentation that Plaintiff is a U.S. citizen. Plaintiff also complains of the conduct of counsel for Defendants—whom Plaintiff refers to as "Defendant Hambrick" throughout—arguing counsel has not noticed his appearance properly and failed to make certain sworn filings.[2]

"A document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted). Although courts must afford a *pro se* plaintiff's filings liberal construction, courts need not "attempt to discern the unexpressed intent of the plaintiff." *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). As the Fourth Circuit explained in *Beaudett v. City of Hampton*, "[t]hough [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can

---

[2] As detailed *supra* in note 1, Plaintiff has made several filings in this case. In his Addendum (ECF No. 4), Plaintiff purports to "add defendant Jonathan Hambrick as a defendant." In addition to repeating general complaints contained within his original Writ, in multiple filings, Plaintiff asserts misconduct by counsel for Defendants and cites arbitrary rules and statutes. The Court understands these allegations of misconduct to stem from simply moving forward with the case over Plaintiff's protestation. Accordingly, the Court finds these allegations meritless.

district courts be required to conjure up and decide issues never fairly presented to them."
775 F.2d 1274, 1276 (4th Cir. 1985).

Here, as best the Court can discern, Plaintiff's two motions simply repeat his calls for
the production of documentation proving that he is a U.S. citizen.  The Court addresses those
contentions in conjunction with Defendants' Motion to Dismiss, as detailed below.  To the
extent Plaintiff seeks other relief in those motions, the Court cannot ascertain what further
relief that may be, much less whether the Court could afford any appropriate relief.
Accordingly, to the extent Plaintiff seeks independent relief in those motions, the Court will
deny them without prejudice.

### C. Motion to Dismiss

Defendants seek to dismiss Plaintiff's Writ on the basis that this Court lacks
jurisdiction over Plaintiff's claims.  (Mem. Supp. Defs.' Mot. Dismiss 2–4, ECF No. 10.)
Although Plaintiff did not specifically respond to Defendants' motion, his objection to
proceeding in this Court and demanding the proceedings return to state court are well-
documented.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins.*
*Co. of Am.*, 511 U.S. 375, 377 (1994).  They possess only such power as is authorized by the
Constitution or conferred by statute.  *Id.*  Jurisdiction upon removal from state court pursuant
to 28 U.S.C. § 1442 "is essentially derivative of the state court." *Boron Oil Co. v. Downie*,
873 F.2d 67, 70 (4th Cir. 1989) (citing *Arizona v. Manypenny*, 451 U.S. 232, 242 n.17
(1981)).  As the Supreme Court has instructed, "[w]here the state court lacks jurisdiction of
the subject matter or of the parties, the federal court acquires none, although in a like suit

4

originally brought in a federal court it would have had jurisdiction." *Minnesota v. United States*, 305 U.S. 382, 389 (1939).

Plaintiff's Writ seeks to have a state court compel federal officials to produce documents related to Plaintiff's alleged lack of U.S. citizenship. A state court has no authority to issue a writ of mandamus against a federal officer. *See McClung v. Silliman*, 19 U.S. (6 Wheat) 598 (1821). Because the state court lacks jurisdiction over Plaintiff's Writ and this Court derives its jurisdiction from the state court, this Court lacks jurisdiction over Plaintiff's Writ. Accordingly, Plaintiff's Writ must be dismissed.

### III.   CONCLUSION

For the reasons set forth above, the Court will deny Plaintiff's Motion to Remand, Motion for Production, and Motion for Notice. The Court will grant Defendants' Motion to Dismiss for lack of subject matter jurisdiction.

An appropriate order will accompany this Memorandum Opinion.

/s/

Henry E. Hudson
United States District Judge

Date: Dec 19 2015
Richmond, Virginia